FILED
04/20/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JESSE R. DRUM          No. 1:22-CV-00628-JMS-TAB
(Respondant)
V.
ATAUL SHAFEEK
(Petitioner)

### 28 U.S.C. Habeus Corpus Petition

Here comes now plaintiff ATAUL SHAFEEK with assistance of law library clerk asserting that trial counsel failed to present jury with proper instructions on the presence of sudden heat being on the prosecution to disprove within the manslaughter instruction and trial counsel failed to present evidence favorable to the defendant in the form of gang-evidence, possessed by Ali-the victim. And because of these errors trial council was therefor ineffective. Appelate council failed to argue on direct appeal that trial counsel was in error by neglecting to present proper jury instructions and the evidence that was favorable to the petitioner. During the Post Conviction Relief phase counsel failed to raise these issues which are stronger than what was argued concerning trial and direct appeal.

Strickland V. Washington 468 U.S. 668, 686 80 L.Ed.2d 674 104 S. Ct. 2052 (1984)

I. Ineffective Assistance of Counsel: Sanders

Defendant must also establish that his counsel's performance fell below an objective standard of reasonableness to satisfy the requirements of the Strickland test for showing his appelate counsel was constitutionally ineffective. The failure of appelate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the

issues that were raised, if the issue that was not raised is both obvious and clearly stronger than the issues raised the appelate counsel's failure to raise the neglected issue is objectively deficient. (Lee 328 F.3d at 900-01)(Lee V. Davis 328 F.3d 896, 900 (7th Cir 2003)
   In any event the procedure default can be overcome if a petitioner can show cause and prejudice for the default (Lee V. Davis) and attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default (Franklin V. Gilmore 188 F.3d 877, 883 (7th Cir 1999) Any default of Sanders due process claim was caused by his appelate counsel's failure to raise the issue on direct appeal, and as the court has discussed, Sanders' counsel was constitutionally ineffective for not challenging the trial court's refusal to properly instruct the jury that the state bears the burden of proving the absence of sudden heat to obtain a murder or attempted murder conviction.

II. Procedural Default (Fair Presentment)
   Defendant argues that relief would have been granted, if this erroneous jury instruction issue and favorable evidence/gang evidence not being presented was argued in the lower courts. Petitioners are required to fairly present their federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners rights;
Hough V. Anderson 272 F.3d 878, 892 (7th Cir 2001), quoting Duncan V. Henry 513 U.S. 364 365 130 L.Ed 2d 865 115 S.Ct. 887(1995) The courts have held that fair presentment requires a petitioner to put forward operative facts and committing legal principles. Sweeney V. Carter 361 F.3d 327, 332 (7th Cir 2004)
Whether he has done so depends on several factors including,

1) whether the petitioner relied on federal cases that engage in constitutional analysis
2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts
3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional litigation
4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation

In Sanders' appeal to the court of appeals of Indiana he alleged a violation of due process and argued that if the jury makes its decision without knowing that to convict on murder it must find beyond a reasonable doubt that sudden heat was absent, then in effect there is no jury finding on the question on the presence or absence of sudden heat. To support his argument Sanders cited Sullivan V. Louisiana 508 U.S. 275, 277-78 124 L Ed. 2d 182, 113 S. Ct. (2078) (1983) In which the Supreme Court held that it is a due process violation if the court offers a defective jury instruction on reasonable doubt. In the case of the defendant his counsel was ineffective due to the defective jury instruction on manslaughter concerning the state having the responsibility to prove the absence of sudden heat, a due process violation that misled the jury and sufficiently prejudiced against the defendant.

III. Sudden Heat

Indiana Law requires the prosecution to prove the absence of sudden heat to convict a defendant of murder or attempted murder once the defendant has introduced some evidence that he or she committed the crime under sudden heat. The Supreme Court of Indiana has held that if the jury instruction on murder did not include an element requiring the prosecution to prove the absence of sudden heat beyond a reasonable doubt, then the court has committed reversable error (necessitating a new trial)

The Indiana Courts have held that the action of the trial court in refusing the tendered instruction has left the jury without any instruction as to who bears the burden of proof concerning sudden heat or the absence thereof. Without the proper instructions, the jury may believe the defendant has to prove he acted in sudden heat, rather than that the state has to negate its existence. (Sanders V. Cotton 398 F.3d, 572 7th Cir 2005)

The term "Sudden Heat" means a mental state which results from provocation sufficient to excite in the mind of the defendant such emotions as anger, rage, sudden resentment, jealousy, or terror sufficient to obscure the reason of an ordinary person, and as such prevents deliberation and premeditation, excludes malice, and renders the defendant incapable of cool reflection prior to acting.

The sole reason the jury instruction for manslaughter was presented is, due to the evidence and facts within the circumstances containing characteristics revealing the presence of sudden heat. Eye witness Jazamine Allen testified that the victim had the defendant pinned against a dresser then moments later was on top of the defendant punching him. Trial Transcripts pages 385-386, 394-395, 406 Also Amber Allen's testimony further establishes a clear presence of sudden when she states that the decedent flew past her angrily at a high speed directly to where the defendant was and that the decedent was choking Mr. Shafeek. Trial Transcript 443, 444, 462, 466 Additionally there's testimony as to the defendant being fearful as well moments prior to being assaulted by the victim within the mentioned trial transcripts as well as pages 944, 953-954.

Gang-evidence is highly relevant to why Sean Ali was aggressive with Mr. Shafeek and would do him harm. Illinois v. Johnson 208 Ill. 2d 53, 803 N.E. 2d 405 433-34, 281 (Ill 2003) "a persons gang affiliation evidence is admissible to provide motive". This witheld evidence in the possession of the intoxicated victim being presented to jurors is likely to have changed their decision.

Ineffective Assistance of Counsel

Like the jury instruction in Sanders the voluntary manslaughter instruction that Eichelberger's trial counsel tendered erroneously stated that the state had to prove beyond a reasonable doubt the presence of sudden heat to obtain a voluntary manslaughter conviction. And even though the voluntary manslaughter instruction also stated that the existence of sudden heat is a mitigating factor that reduces what otherwise would be murder to manslaughter, Eichelberger's trial counsel failed to ensure that the jury was properly instructed that the absence of sudden is an element of murder on which the state bears the burden of proof. This is a due process violation that requires a new trial as a result Eichelberger has proved both deficient performance and prejudice on the part of his trial counsel.

A successful claim of ineffective assistance of counsel requires the petition must show that counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms, second, the petition must show that the deficient performance of counsel prejudiced his defense, Sanders V. Cotton (398 F.3d 572, 583 84 (7th Cir 2005)

Instructing the jury that sudden heat is a mitigating factor did not inform them that it was something that the state had to disprove, rather they were left ignorant of which side bore the burden of proof. (Harrington 516 N.E. 2d at 66) It is just as reasonable for someone to assume that acting under sudden heat is like the affirmative defense of insanity where there burden of proof is on the defendant. (Thompson V. State 804 N.E. 2d 1146, 1148 (Ind 2004)

IV. Due Process

The Supreme Court of the United States has held that the 'Due Process Clause' protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. (In Re Winship 397 U.S. 358 364 25 L. Ed. 2d 368, 90 S. Ct. 1068) In addition, the complete failure to give any jury instruction on an essential element of the offense charged under the circumstances indicating that the jury was not otherwise informed of the necessity of the element is a violation of due process. (398 F.3d 572 581 (7th Cir 2005)

Fundamental Error; the fundamental error exception permits an appelate court to review a claim that has been waived by a defendants failure to raise a contemporaneous objection fundamental error, as defined is an error so prejudicial to the rights of a defendant that a fair trial is rendered impossible. The fundamental error standard is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential harm is substantial and the resulting error violated the defendants fundamental due process.