UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATAUL SHAFEEK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00628-JMS-TAB |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Ataul Shafeek was convicted of murder in Wayne County, Indiana, in 2013. Mr. Shafeek now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be dismissed because Mr. Shafeek's claims are procedurally defaulted. Dkt. 9. Mr. Shafeek argues that he has overcome any procedural default. Dkt. 10.

For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [9], is **granted,** and Mr. Shafeek's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

**A.      State Court Proceedings**

Mr. Shafeek was convicted of murdering his ex-girlfriend's boyfriend, Shaun Ali. *Shafeek v. State*, 2015 WL 303508, *1 (Ind. Ct. App. Jan. 23, 2015) (available in the record at dkt. 9-5). Mr. Shafeek pursued the defenses of self-defense and mental disease or defect. *Id.* One mental health professional diagnosed Mr. Shafeek with bipolar disorder with psychosis, and the other mental health professional diagnosed him with bipolar disorder with psychotic features. *Id.* The

jury rejected Mr. Shafeek's defenses, and he was convicted of murder. *Id.* He was sentenced to fifty-six years with five years suspended to probation. *Id.*

On direct appeal, Mr. Shafeek's counsel raised one issue: whether his sentence was inappropriate under Indiana Appellate Rule 7(B), which permits the state appellate court to revise a sentence if it finds "that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Id.* at *2. The Indiana Court of Appeals affirmed the trial court's sentencing decision, *id.* at *2, and Mr. Shafeek's counsel did not file a petition to transfer to the Indiana Supreme Court, dkt. 9-2 at 4.

On September 21, 2015, Mr. Shafeek filed a petition for post-conviction relief. Dkt. 9-6 at 2. The post-conviction court denied the petition on April 5, 2021. *Id.* Mr. Shafeek initiated an appeal, but he never filed a brief in the Indiana Court of Appeals, so the court dismissed his appeal with prejudice on February 23, 2022. Dkt. 9-7 at 1, 3; dkt. 8.

**B. Habeas Petition**

Mr. Shafeek filed his petition for a writ of habeas corpus on March 28, 2022. Dkt. 1. In his original petition, he contended that certain jury instructions related to his insanity defense were deficient and that trial and appellate counsel were ineffective. *Id.* at 1, 5−6. Mr. Shafeek also noted in his petition that he was filing it at that time because he was near the one-year filing deadline under AEDPA, and he preemptively requested a deadline to file an amended petition. *Id.* at 1. He noted he needed additional time beyond the statutory limitation period because of his mental illnesses, including bipolar disorder, schizotypal personality disorder, and borderline personality disorder. *Id.*

The Court ordered the respondent to show cause why the petition should not be granted. Dkt. 3. In the order, the Court discussed Mr. Shafeek's request to set a filing deadline. The Court

said that it would not make a ruling about when the filing deadline was, or whether his mental illness would entitle him to equitable tolling if he indeed filed the petition past the relevant deadline, but explained that "[n]othing in this Order precludes Mr. Shafeek from seeking leave to file an amended petition." *Id.* at 1−2.

Mr. Shafeek filed an amended petition on April 20, 2022. Dkt. 7. In the amended petition, Mr. Shafeek raises some claims that *seem* relevant to his case. For example, he alleges that trial counsel was ineffective for failing to present evidence that the victim, Mr. Ali, was in a gang. *Id.* at 1. He also raises ineffective assistance of counsel claims related to incorrect jury instructions as they relate to voluntary manslaughter, which may or may not be related to his case. Neither party has submitted the state court trial record, so it is not clear if trial counsel tendered instructions related to voluntary manslaughter (in addition to instructions related to self-defense and mental disease or defect). However, Mr. Shafeek is referred to as "Sanders" or "Eichelberger" at several points throughout the amended petition, and he alleges that he raised a due process claim on direct appeal when he did not. *Id.* at 1−5.

The respondent filed a motion to dismiss on May 12, 2022, asserting that Mr. Shafeek's claims were procedurally barred because he did not present any claims through a complete round of appeals in state court. Dkt. 9.

**C. Evidence Related to Procedural Default**

Mr. Shafeek submitted a verified response to the motion to dismiss, in which he attempts to overcome his procedural default. Dkt. 10. As to any claims that he would have raised on direct appeal, he states that his appellate attorney did not communicate with him about strategy or filing a petition to transfer. *Id.* at 3. As to claims that he would have exhausted on post-conviction relief, he alleges that post-conviction counsel did not inform him that counsel was withdrawing and that

he would be responsible for his own post-conviction appeal. *Id.* at 3. He then alleges that when his brief was due in the Indiana Court of Appeals, he had been placed in the restrictive housing unit with limited access to the law library and that his law library access was further restricted due to understaffing because of the COVID-19 pandemic. *Id.* at 3−10.

The respondent filed a reply, in which he introduced evidence that Mr. Shafeek was housed in general population on June 9, 2021, the date his post-conviction brief would have been due, and that he remained there until July 27, 2021. Dkt. 11 at 2; dkt. 11-2. While in general population, Mr. Shafeek would have had normal access to the law library. Dkt. 11-1. The respondent also noted for the first time that at least some of the claims presented in Mr. Shafeek's amended petition did not apply to him. Dkt. 11 at 3 ("Not only does he refer to 'Sanders,' but he also challenges a voluntary-manslaughter conviction and states that he raised a due-process claim on direct appeal. Shafeek (not Sanders) was convicted of murder and only challenged his sentence under Indiana Appellate Rule 7(B) on direct appeal.") (internal record citations omitted).

Mr. Shafeek filed a surreply, reiterating his claims that he was hindered from accessing the law library due to the COVID-19 pandemic and his placement in a restrictive housing unit without providing additional detail.[1] Dkt. 12 at 2. Mr. Shafeek also states, "Additionally the petitioner's serious mental illness further establishes the extraordinary circumstances the petitioner is in and has been in heretofore." *Id.* Mr. Shafeek did not address the fact that some of the claims in his amended petition did not apply to him.

The day he filed his surreply, Mr. Shafeek also filed a motion for leave to file a second amended petition. Dkt. 13. The motion does not include a proposed amended petition or offer any basis for permitting Mr. Shafeek to file an amended petition. *Id.*

---

[1] Mr. Shafeek presents no evidence to contradict the respondent's evidence that he was in fact in general population when his appellate brief was due.

## II. Discussion

### A. Relevant Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). But there are various procedural hurdles a petitioner must clear before a court can reach the merits of the petition. If a state prisoner raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," that claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). "This includes presenting the claims to the state's highest court in a petition for discretionary review." *Hicks*, 871 F.3d at 530.

"Unless the petitioner can establish 'cause' for and 'prejudice' from the default, 'federal habeas review is at an end.'" *Garcia v. Cromwell*, 28 F.4th 764, 771 (7th Cir. 2022) (quoting *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010)). "Cause requires a showing of some type of external impediment that prevented him from presenting his claims." *Garcia*, 38 F.4th at 775 (cleaned up)."Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015).

### B. Discussion

Mr. Shafeek's claims are procedurally defaulted. Mr. Shafeek's only claim raised on direct appeal was rooted in Indiana law, and he did not file a petition to transfer. At the post-conviction stage, Mr. Shafeek's appeal was dismissed because he failed to file a brief.  Thus, he presented no claims through a complete round of state appellate review.

Mr. Shafeek acknowledges that his claims are procedurally defaulted but argues that he can overcome his procedural default. Dkt. 10; dkt. 12 at 2.

### i.      Claims Defaulted on Direct Appeal

First, Mr. Shafeek attempts to excuse his procedural default as to claims that could have been presented on direct appeal. He alleges that appellate counsel did not communicate with him with respect to what issues to raise on appeal and that he never advised him regarding deadlines or that he would be responsible for filing a petition to transfer on his own. Dkt. 10 at 2−3. The Court understands Mr. Shafeek to be alleging that appellate counsel's lack of communication with him constituted ineffective assistance of counsel that provides cause to excuse any default.

An attorney's ineffectiveness may excuse a default, but "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). Thus, a claim of ineffective assistance "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Mr. Shafeek thus cannot establish cause for the procedural default for issues that should have been raised on direct appeal because he did not exhaust his ineffective assistance of appellate counsel claims in state court post-conviction proceedings.

### ii.      Claims Defaulted on Post-Conviction Relief

With respect to his ineffective assistance of counsel claims, Mr. Shafeek alleges that he was prevented from filing a brief in the Indiana Court of Appeals due to circumstances outside his control. External impediments that can constitute cause include confiscation of a prisoner's legal materials, a prison official's interference with mailing documents, or a prisoner being housed out of state and not having access to relevant state law. *Johnson v. Foster*, 786 F.3d 501, 506 (7th Cir. 2015).

Mr. Shafeek alleges that his retained post-conviction counsel failed to inform him that he was withdrawing from the case after the post-conviction hearing, and Mr. Shafeek would be responsible for filing an appellate brief on his own. Dkt. 10 at 3−4. However, the docket for the post-conviction appeal shows that the appellate court issued an order granting counsel's motion to withdraw and ordered the clerk to send copies to the parties. Dkt. 9-7 at 3.

Mr. Shafeek also alleges he was unable to prepare the brief because his placement in the restricted housing unit and understaffing caused by the COVID-19 pandemic prevented him from accessing the law library. The respondent submitted Mr. Shafeek's housing records which indicated that he was in general population when his appellate brief would have been due. Dkt. 11-2. Mr. Shafeek did not present evidence to refute these records. While he was in general population, Mr. Shafeek would have had the same access to the law library as any other inmate. Dkt. 11-1. With respect to the impact that the COVID-19 pandemic had on law library access, Mr. Shafeek submitted no evidence that he attempted to contact the Indiana Court of Appeals to obtain an extension of time. Mr. Shafeek's appeal was due on June 9, 2021. Dkt. 9-7 at 2; Ind. App. R. 45(B)(1)(a). The Indiana Court of Appeals did not dismiss his appeal until February 23, 2022. Dkt. 9-7. The docket for Mr. Shafeek's appeal does not reflect that he wrote to the court of appeals to request additional time to prepare his brief. Dkt. 9-7. Mr. Shafeek has not shown that external factors prevented him from pursuing post-conviction remedies in the Indiana Court of Appeals.

Mr. Shafeek also seeks to excuse his procedural default on account of his mental illnesses. The Seventh Circuit has concluded that mental illness is not an *external* factor that can constitute cause to excuse procedural default.[2] *Morgan v. Chandler*, 367 F. App'x 700, 703 (7th Cir. 2010)

---

[2] The Seventh Circuit has, however, found that mental illness and mental incapacity may support equitable tolling for petitioners who file their habeas petition outside the one-year statute of limitation. *Perry v. Brown*, 950 F.3d 410, 412−13 (7th Cir. 2020). The Ninth Circuit discussed these disparate outcomes in *Schneider v. McDaniel*, 674 F.3d 1144, 1154−55 (9th Cir. 2012), cert. denied, 133 S. Ct. 579 (2012)

(citing *Harris v. McAdory*, 334 F.3d 665, 668−69 (7th Cir. 2003)); *Williams v. Buss*, 538 F.3d 683, 686 (7th Cir. 2008) (finding form letter from the Social Security Administration diagnosing petitioner with mental incapacity did not provide cause because letter was conclusory and not an "objective factor external to the defense.") (citing *Harris*, 334 F.3d at 668−69 and quoting *Murray*, 477 U.S. at 488). And even in courts that have considered mental illness as cause, the petitioner must present some evidence that his mental illness actually rendered him completely unable to comply with a state's procedures to exhaust his claims and that he had no assistance from anyone else. *See, e.g. Schneider v. McDaniel*, 674 F.3d 1144, 1153−55 (9th Cir. 2012), cert. denied, 133 S. Ct. 579 (2012); *Farabee v. Johnson*, 129 F. App'x 799, 804 (4th Cir. 2005) (finding petitioner's mental illness could not establish cause to excuse procedural default where he presented no evidence "that his mental illness interfered with his ability to appreciate his litigation position or to make rational decisions concerning the litigation during the entirety of the relevant time periods[.]"). Mr. Shafeek has presented nothing more about his mental illnesses than a list of his diagnoses. Dkt. 1 at 1.

In summary, Mr. Shafeek has not established cause that would excuse a procedural default.[3] Accordingly, the motion to dismiss, dkt. [9], is **granted**. Mr. Shafeek's motion for leave to file a second amended petition, dkt. [13], is **denied as moot**. Because Mr. Shafeek cannot overcome the procedural default, any attempt to amend his petition would be futile.

---

("Principles of comity require federal courts to respect state procedural bars to post-conviction relief. These considerations do not apply to the question of whether a federal court should apply equitable tolling to a late-filed federal petition." Accordingly, the district court properly found that the petitioner's mental health struggles impeded his ability to file a timely petition in federal court but did not serve as cause to excuse his failure to present his claims in state court.).

[3] Because Mr. Shafeek has not established cause, the Court will not assess whether he could show prejudice.

### III.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as procedural default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Shafeek has procedurally defaulted his claims and has not shown cause to overcome the default. Therefore, a certificate of appealability is **denied**.

### IV. Conclusion

The respondent's motion to dismiss, dkt. [9], is **granted**. Mr. Shafeek's motion for leave to file a second amended petition, dkt. [13], is **denied**. Mr. Shafeek's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed with prejudice**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 11/22/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ATAUL SHAFEEK
244650
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov